**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4653**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL RAMOND KELLY, a/k/a Michael Raymond Kelly,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:15-cr-00054-NCT-1)

Submitted: April 25, 2016          Decided: January 26, 2017

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ramond Kelly pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Kelly to a within-Guidelines sentence of 300 months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court procedurally erred in declining to grant Kelly a three-level downward adjustment for acceptance of responsibility and whether Kelly's sentence is substantively reasonable. Kelly was advised of his right to file a supplemental brief, but he did not do so. We ordered supplemental briefing on whether Kelly's North Carolina convictions for assault with a deadly weapon inflicting serious injury, assault with a deadly weapon with intent to kill, and voluntary manslaughter were properly classified as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). We affirm.

We review a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. In determining whether a sentence is

2

procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Sentencing Guidelines range. Id. Only after determining that a sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

We turn first to the propriety of Kelly's armed career criminal designation. The parties agree that Kelly's prior North Carolina convictions for assault with a deadly weapon with intent to kill qualify as violent felonies under the ACCA's force clause. See 18 U.S.C. § 924(e)(2)(B)(i). They also agree that, because Kelly "has three previous convictions" for this offense, "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), he qualifies as an armed career criminal. We deem arguments not raised by the parties waived and limit our review to the arguments raised in the parties' briefs. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009). Accordingly, we express no opinion on the designation of

3

Kelly's other prior convictions as violent felonies and will not disturb the district court's decision to sentence Kelly as an armed career criminal.

Next, we review the district court's "acceptance-of-responsibility determination for clear error." United States v. Burns, 781 F.3d 688, 692 (4th Cir.), cert. denied, 135 S. Ct. 2872 (2015). Under the Guidelines, a defendant is eligible for a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a) (2014). And, if his offense level is greater than 16, he is eligible for an additional 1-level reduction upon the Government's motion. USSG § 3E1.1(b). When determining whether a defendant is deserving of the acceptance of responsibility reduction, a court considers, among other factors, whether the defendant voluntarily terminated or withdrew from criminal conduct or associations. USSG § 3E1.1 cmt. n.1(B). Moreover, absent extraordinary circumstances, a defendant is ineligible for the reduction when he receives an enhancement for obstructing justice. USSG §§ 3C1.1, 3E1.1 cmt. n.4; see United States v. Knight, 606 F.3d 171, 175 (4th Cir. 2010).

Here, Kelly did not terminate or withdraw from criminal conduct or associations after his arrest. Instead, he and his fellow inmates brutally attacked the same person who had been

4

the victim of the shooting that resulted in Kelly's arrest for the instant offense. This assault on a material witness resulted in an offense-level enhancement for obstruction of justice. Although Kelly insisted that he and the others attacked the victim in self-defense, the video footage and an email he sent the day after showed that the attack was revenge-motivated and that Kelly was not remorseful for his conduct. Because the obstruction of justice enhancement was warranted and Kelly did not terminate or withdraw from criminal conduct or associations, we conclude that the court did not clearly err in determining that Kelly did not deserve a downward adjustment for acceptance of responsibility.

We further conclude that Kelly has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable. The court reasonably rejected Kelly's assertion that he is a changed man in light of his long history of using firearms to terrorize and injure people and his recent orchestration of the revenge-motivated attack on the victim.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Kelly, in writing, of his right to petition the Supreme Court of the United States for further review. If Kelly requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kelly. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED